ERIN S. KUBOTA (State Bar No. 228371)
esk@severson.com
AN LE (State Bar No. 260817)
al@severson.com
SEVERSON & WERSON
A Professional Corporation
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK JOSEPH KENNEY (State Bar No. 87345)
mjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
BANK OF AMERICA, N.A. (erroneously sued as
Bank of America Corporation)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| NOUSHIN LAALY, an individual, and KOUROSH LAALY, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA CORPORATION, a corporation; BANK OF AMERICA, NATIONAL ASSOCIATION, a National Banking Association; and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No. <br> Hon. <br> Ctrm. <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)** <br><br> **(DIVERSITY)** <br><br> Action Filed:   November 2, 2016 <br> Removal Date: <br> Trial Date:   None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA, AND ALL OTHER INTERESTED**

**PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and

1446, defendant Bank of America, N.A. ("Bank of America") (erroneously sued as Bank of America Corporation) removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court, Central District of California.  Bank of America is entitled to removal pursuant to 28 U.S.C. § 1332, based on diversity of citizenship of the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs, as follows:

1.      On November 2, 2016, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Noushin Laaly, Kourosh Laaly v. Bank of America Corporation; Bank of America National Association; and Does 1 to 100, inclusive*, as case number BC639397 (the "State Court Action").  In their complaint, plaintiffs Noushin Laaly and Kourosh Laaly (together "Plaintiffs") assert five claims against Bank of America for: (1) Breach of Contract, (2) Conversion, (3) Negligence, (4) Gross Negligence, and (5) Negligent Infliction of Emotional Distress.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon or by Bank of America in the State Court Action, including summons and complaint, are attached to hereto as **Exhibit A**.

2.      This Court has original jurisdiction over this action and all claims asserted against Bank of America pursuant to 28 U.S.C. § 1332(a), and removal is proper pursuant to 28 U.S.C. § 1441.

3.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 84(c) and 1441(a) because the United States District Court for the Central District of California is the federal judicial district and division embracing the Superior Court of California in and for the County of Los Angeles, where the State Court Action originally was filed.

4.      Pursuant to 28 U.S.C. §§ 1446(d), Bank of America is filing this notice of removal with this Court, serving a copy of this notice upon Plaintiffs' counsel,

and filing a copy in the Superior Court of California for the County of Los Angeles.

**Diversity of Citizenship**

5.     The parties in this matter are citizens of different States.

6.     Plaintiffs are citizens of the State of California.

7.     Bank of America, N.A. is, and at all times relevant was a citizen of the State of North Carolina, with its main office in North Carolina, as established by its articles of incorporation.  See *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that "a national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located").

8.     Plaintiffs' alleged safe deposit box agreement is between Bank of America, N.A. (a national bank) and Plaintiffs, and all of the pertinent allegations involve Bank of America, N.A.  Despite this, Bank of America, N.A. was also erroneously sued as Bank of America Corporation.  Regardless, Bank of America Corporation is a citizen of Delaware (state of incorporation) and North Carolina (state where it has its principal place of business).

9.     The only other defendants named in the complaint are fictitiously named defendants.  According to 28 U.S.C. § 1441(b)(1), for removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded."

**Amount in Controversy**

10.     For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The amount in controversy is simply an "estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010.)  Moreover, it "is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

11.     The amount in controversy exceeds $75,000 in this action because

1   Plaintiff prays for damages in an amount greater than $25,000, and seeks punitive
2   damages in the amount of $1,000,000 on her second claim for conversion and also
3   as part of the fourth claim for gross negligence.  Complaint, ¶¶ 19, 24, 27, Prayer.

4        12.  Therefore, the amount in controversy requirement is satisfied.  See 28
5   U.S.C. § 1332(a).

### Timeliness of Removal

7        13.    This notice of removal is timely under 28 U.S.C. § 1446(b).  This
8   notice of removal is filed within thirty days after service, and within one year of the
9   original filing of the complaint.

11       WHEREFORE, Bank of America prays that the State Court Action be
12   removed from state court to this Court and that this Court assume jurisdiction over
13   the action and determine it on the merits.

15   DATED:  December 19, 2016          SEVERSON & WERSON
                                        A Professional Corporation

18                                      By: _____
19                                              An Le

20                                      Attorneys for Defendant BANK OF
21                                      AMERICA, N.A. (erroneously sued as Bank of
22                                      America Corporation)

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** BANK OF AMERICA CORPORATION,
a corporation; BANK OF AMERICA, NATIONAL ASSOCIATION, a

National Banking Association; and DOES 1 to 100, inclusive;
**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOUSHIN LAALY, an individual; KOUROSH LAALY, an individual;

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 02 2016

Sherri R. Carter, Executive Officer/Clerk

By Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es:) Central District

CASE NUMBER:
(Número del Caso:) **BC 639397**

Los Angeles County Superior Court, Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Stella Rafiei, Esq., SB 175358, 1875 Century Park East, Suite 700, LA, CA 90067, (310) 551-2006

DATE: NOV 0 2 2016    SHERRI R. CARTER    Clerk, by    CRISTINA GRIJALVA    , Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify):

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☑ by personal delivery on (date): 11/15/2016

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   STELLA RAFIEI  (SBN 175358)
    LAW OFFICES OF STELLA RAFIEI
2   1875 Century Park East, Suite 700
    Los Angeles, California 90067
3   Tel: (310) 551-2006

4

5   Attorney for Plaintiffs, NOUSHIN LAALY and  KOUROSH LAALY

6

7

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9            COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10
    NOUSHIN LAALY, an individual, and      )  CASE NUMBER:
11  KOUROSH LAALY, an individual,          )
                                           )        BC 6 3 9 3 9 7
12              Plaintiffs,                )
                                           )
13  vs.                                    )  COMPLAINT FOR DAMAGES
                                           )
14                                         )  1.   BREACH OF CONTRACT
                                           )  2.   CONVERSION
15  BANK OF AMERICA CORPORATION, a         )  3.   NEGLIGENCE
    corporation;   BANK   OF   AMERICA,    )  4.   GROSS NEGLIGENCE
16  NATIONAL ASSOCIATION, a National       )  5.   NEGLIGENT INFLICTION OF
    Banking Association; and DOES 1 to 100,)       EMOTIONAL DISTRESS
17  inclusive;                             )
                                           )
18              Defendants.                )  DEMAND FOR JURY TRIAL
                                           )
19

20       COME NOW Plaintiffs, NOUSHIN LAALY and KOUROSH LAALY, who allege

21  as follows:

22       1.    At all times relevant to this complaint, Plaintiff, NOUSHIN LAALY

23  ("Plaintiff" or "Noushin"), is and was a resident of the County of Los Angeles, State of

24  California.

25       2.    At all times relevant to this complaint, Plaintiff, KOUROSH LAALY

26  ("Plaintiff"),  is and was a resident of the County of Los Angeles, State of California.

27       3.    Plaintiffs are informed and believe and, based thereon, allege that at all times

28  mentioned in this complaint, Defendant, BANK OF AMERICA CORPORATION ("Bank of

                                        1

1 | America"), is a corporation authorized to operate as a financial institution in California,
2 | maintains various branches through out the State of California, and conducts business in the
3 | County of Los Angeles, State of California.  Plaintiffs are informed and believe and based
4 | thereon, allege that at all times mentioned in this complaint Bank of America operated the
5 | West Los Angeles Financial Center branch of the Bank of America, located at 11501 Santa
6 | Monica Boulevard, Los Angeles, California, 90025.

7 |     4.    Plaintiffs are informed and believe, and, based thereon, allege that at all times
8 | mentioned in this complaint, Defendant, BANK OF AMERICA, National Association,
9 | ("Bank of America") is a National Banking Association with its principal place of business
10 | in Charlotte, North Carolina.  BANK OF AMERICA, National Association, does business
11 | throughout California and maintains various branches throughout the County of Los Angeles,
12 | State of California.   Plaintiffs are informed and believe and based thereon, allege that at all
13 | times mentioned in this complaint Bank of America operated the West Los Angeles
14 | Financial Center branch of the Bank of America, located at 11501 Santa Monica Boulevard,
15 | Los Angeles, California, 90025.

16 |     5.    Plaintiffs do not know the true names and capacities, whether individual,
17 | corporate, associate, or otherwise, of the defendants named herein as DOES 1 to 100,
18 | inclusive, and therefore sue them by those fictitious names, and Plaintiffs will amend this
19 | complaint to show the true names and capacities of DOES 1 to 100 when the same have been
20 | ascertained.   Plaintiffs are informed and believe, and on the basis of that information and
21 | belief allege, that each of those defendants sued herein as DOES is in some manner
22 | responsible for the acts herein alleged and for Plaintiffs' damages.

23 |     6.    Plaintiffs are informed and believe, and on the basis of that information and
24 | belief allege, that at all times mentioned in this complaint, each of the defendants, including
25 | the defendants named as DOES herein, were the agents and/or employees of their co-
26 | defendants, and, in doing the things alleged in this complaint, were acting within the course
27 | and scope of such agency and/or employment.

28 |     7.    On March 17, 2004, Plaintiffs opened safe deposit box number 005700Z54800

2

1  ("Safe Deposit Box") at the West Los Angeles Financial Center branch of the Bank of
2  America, located at 11501 Santa Monica Boulevard, Los Angeles, California, 90025.  At that
3  time, Bank of America employees gave Plaintiffs two renter's keys for access to their Safe
4  Deposit Box.  The Safe Deposit Box was located inside the vault of the Bank.  The Safe
5  Deposit Box could only be accessed by Plaintiffs in the presence of a vault attendant who is
6  an employee of the Bank of America.

7       8.     On November 6, 2014, when Noushin went to check on the contents of her
8  Safe Deposit Box, she saw the lock to the Safe Deposit Box was drilled, and the Safe Deposit
9  Box and its contents were missing.  On or about November 6, 2014, Defendants wrongfully
10  and illegally drilled open the lock to Plaintiff's Safe Deposit Box, without Plaintiffs'
11  knowledge and/or consent, and removed the Safe Deposit Box and its contents from the
12  Bank's vault.  Plaintiffs' Safe Deposit Box contained jewelry, gold coins, other rare items, and
13  other personal, family and cultural possessions that had monetary value and strong personal and
14  sentimental value.  Defendants' forcible entry into Plaintiffs' locked Safe Deposit Box without
15  Plaintiffs' permission constitutes a violation of Plaintiffs' contract with Defendants and is a
16  violation of Plaintiffs' property rights.

17                          **FIRST CAUSE OF ACTION**

18                   **(Breach of Contract--Against All Defendants)**

19       9.     Plaintiffs incorporate by reference herein, as though set forth in full here, the
20  allegations contained in paragraphs 1 through 8, inclusive, of the Complaint.

21       10.    On or about March 17, 2004, per a written agreement, Plaintiffs opened safe
22  deposit box number 005700Z54800  ("Safe Deposit Box"), at the West Los Angeles
23  Financial Center branch of the Bank of America, located at 11501 Santa Monica Boulevard,
24  Los Angeles, California, 90025.  The Safe Deposit Box was inside the vault of the Bank of
25  America.  Plaintiffs were give two renter's keys for access to their Safe Deposit Box.  The
26  Safe Deposit Box could only be accessed by Plaintiffs in the presence of a vault attendant
27  who is an employee of the Bank of America.

28       11.    Moreover, there was an implied contract between Defendants and Plaintiffs,

                                    3

1 | based on the parties' intent and course of conduct.

2 |   12. At all times prior to November 6, 2014, Plaintiffs maintained various checking
3 | and savings accounts with the Bank of America, and the Bank of America had Plaintiffs'
4 | current addresses, phone numbers, social security numbers, and dates of birth.

5 |   13. At all times prior to November 6, 2014, Plaintiffs were current with their Safe
6 | Deposit Box rent.

7 |   14. At all times prior to November 6, 2014, the Bank of America did not notify
8 | Plaintiffs of any problems or concerns with respect to Plaintiffs' Safe Deposit Box.

9 |   15. At all times prior to November 6, 2014, Plaintiffs were not given any notices
10 | that the rent for their Safe Deposit Box was past due, deficient, or in arrears.

11 |   16. At all times prior to November 6, 2014, Plaintiffs were not given any notices
12 | that the rent for their Safe Deposit Box was in default.

13 |   17. On or about November 6, 2014, the Bank of America, its employees, agents
14 | and/or DOES 1 to 100 breached their agreement with Plaintiffs by unlawfully and illegally
15 | drilling open Plaintiffs' locked Safe Deposit Box and removing the Safe Deposit Box and its
16 | contents without the prior consent and knowledge of Plaintiffs.

17 |   18. At all times prior to November 6, 2014, Plaintiffs were not given any notices
18 | that the lock to their Safe Deposit Box was drilled and their Safe Deposit Box was removed
19 | from the Bank's vault.

20 |   19. Plaintiffs' Safe Deposit Box contained jewelry, gold coins, other rare items
21 | and belongings with strong personal and sentimental value. Due to Defendants' breach,
22 | Plaintiffs have suffered damages in an amount to be determined at the time of trial, but
23 | greater than $25,000.00.

24 | **SECOND CAUSE OF ACTION**

25 | **(Conversion - Against All Defendants)**

26 |   20. Plaintiffs incorporate by reference herein, as though set forth in full here, the
27 | allegations contained in paragraphs 1 through 19, inclusive, of the Complaint.

28 |   21. At all times herein mentioned, and in particular on or about November 6, 2014,

4

1   Plaintiffs were entitled to possession of the contents of their Safe Deposit Box.  Plaintiffs' Safe

2   Deposit Box contained jewelry, gold coins, other rare items and belongings with strong

3   personal and sentimental value.

4         22.    On or about November 6, 2014, Defendants its employees, agents and/or

5   DOES 1 to 100, intentionally and willfully interfered with Plaintiffs' right to their personal

6   property by illegally and unlawfully drilling the lock to Plaintiffs' Safe Deposit Box,

7   removing the Safe Deposit Box and its contents, and unlawfully and illegally converting the

8   contents of Plaintiffs' Safe Deposit Box to their own use.

9         23.    On or about November 6, 2014, Plaintiffs demanded the immediate return of the

10   contents of their Safe Deposit Box but Defendants have failed and refused, and continue to fail

11   and refuse, to return Plaintiffs' property to Plaintiffs.

12         24.    Defendants' unauthorized transfer of Plaintiffs' property caused substantial

13   damages to Plaintiffs in an amount to be determined at the time of trial, but greater than

14   $25,000.00.

15         25.    As a proximate result of Defendants' conversion, Plaintiffs suffered damages

16   which are natural, reasonable, and proximate results of the conversion, in an amount to be

17   determined at the time of trial.

18         26.    Between the time of Defendants' conversion of Plaintiffs' Safe Deposit Box and

19   its contents to Plaintiffs' own use and the filing of this action, Plaintiffs expended time and

20   money in pursuit of the converted property, in an amount to be determined at the time of trial.

21         27.    The aforementioned acts of Defendants were wilful, wanton, malicious, and

22   oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and

23   punitive damages in the amount of $1,000,000.00.

24                  **THIRD CAUSE OF ACTION**

25               **(Negligence - Against All Defendants)**

26         28.    Plaintiffs incorporate by reference herein, as though set forth in full here, the

27   allegations contained in paragraphs 1 through 27, inclusive, of the Complaint.

28         29.    The relationship between Defendants and Plaintiffs is similar to a bailee/bailor

1  relationship.

2      30.    At all times mentioned in this Complaint, Defendants owed a duty of care to

3  Plaintiffs to safe keep Plaintiffs' Safe Deposit Box and its contents which were entrusted to

4  Defendants.  The Safe Deposit Box was inside Defendants' vault and could only be accessed

5  by Plaintiffs in the presence of a vault attendee who is an employee of Defendants.

6      31.    On November 6, 2014, Defendants, its employees, agents, and independent

7  contractors failed to exercise ordinary care and breached their duty of care to Plaintiffs by

8  allowing Plaintiffs' locked Safe Deposit Box to be drilled open, and allowing the Safe Deposit

9  Box and its contents be removed from the Bank's vault.

10      32.    The negligence of defendants, its employees, agents, and independent contractors

11  includes but is not limited to the following acts and omissions:

12      a.    Failing to have proper procedures, policies and protocols in place that could have

13          prevented the drilling of Plaintiffs' locked Safe Deposit Box;

14      b.    Failing to have proper procedures, policies and protocols in place to notify

15          Plaintiffs that Defendants were drilling the lock on Plaintiffs' locked Safe Deposit

16          Box, and failing to notify Plaintiffs before drilling the lock to Plaintiffs' locked

17          Safe Deposit Box;

18      c.    Failing to obtain Plaintiffs' consent before drilling the lock to Plaintiffs' Safe

19          Deposit Box;

20      d.    Allowing someone to drill the lock to Plaintiffs' Safe Deposit Box and take the

21          Safe Deposit Box and its contents;

22      e.    Failing to have protocols and procedures in place to notify Plaintiffs after

23          Defendants drilled the lock to Plaintiffs' Safe Deposit Box;

24      f.    Failing to notify Plaintiffs after drilling the lock to their Safe Deposit Box;

25      g.    Failing to have proper procedures, policies and protocols in place to prevent the

26          loss of Plaintiffs' property that was inside their locked Safe Deposit Box which

27          was entrusted to Defendants for safekeeping;

28      h.    Failing to exercise reasonable due care to prevent the Defendants' drilling of the

6

1  lock of Plaintiffs' locked Safe Deposit Box;

2  i.  Failing to have proper procedures and guidelines for inventorying the contents of
3  Plaintiffs' Safe Deposit Box;

4  j.  Failing to have proper procedures and guidelines to safely store the Safe Deposit
5  Box and its contents.

6  33.  As a direct and proximate result of Defendants' negligence, Plaintiffs sustained
7  damages and the loss of property in an amount to be determined at the time of trial.

8  34.  As a further proximate result of Defendants' negligence, Plaintiffs sustained
9  damages for emotional distress and mental suffering, in an amount to be determined at the
10  time of trial.

11  **FOURTH CAUSE OF ACTION**

12  **(Gross Negligence - All Defendants)**

13  35.  Plaintiffs incorporate by reference herein, as though set forth in full here, the
14  allegations contained in paragraphs 1 through 34, inclusive, of the Complaint.

15  36.  At all times mentioned in this Complaint, Defendants owed a duty of care to
16  Plaintiffs to safe keep Plaintiffs' Safe Deposit Box and its contents that were entrusted to
17  them. Plaintiffs' Safe Deposit Box contained jewelry, gold coins, other rare items and
18  belongings with strong personal and sentimental value. The Safe Deposit Box was inside
19  Defendants' vault and could only be accessed by Plaintiffs in the presence of a vault
20  attendee, who is an employee of Defendants.

21  37.  On November 6, 2014, Defendants, its employees, agents, and independent
22  contractors failed to exercise due care and departed in the extreme from what a reasonably
23  prudent person would do in the same situation to prevent harm to Plaintiffs' property which
24  was entrusted to Defendants in the locked Safe Deposit Box. Defendants breached their duty
25  of care to Plaintiffs by allowing Plaintiffs' locked Safe Deposit Box to be drilled open and
26  allowing its contents to be removed from the Bank's vault.

27  38.  As a direct and proximate result of Defendants' negligence, Plaintiffs sustained
28  damages and loss of property in an amount to be determined at the time of trial, but greater

7

1  than $25,000.00.

2       39.    Defendants knew or should have known that the loss of personal and family

3  property with strong material and sentimental to Plaintiffs would cause Plaintiffs severe

4  mental emotional distress and suffering.

5       40.    As the further proximate result of Defendants' gross negligence, Plaintiffs

6  sustained damages for emotional distress and mental suffering, in an amount to be

7  determined at the time of trial.

8                            **FIFTH CAUSE OF ACTION**

9            **(Negligent Infliction of Emotional Distress - All Defendants)**

10      41.    Plaintiffs incorporate by reference herein, as though set forth in full here, the

11  allegations contained in paragraphs 1 through 40, inclusive, of the Complaint.

12      42.    At all times mentioned in this Complaint, Defendants owed a duty of care to

13  Plaintiffs to safeguard and protect Plaintiffs' Safe Deposit Box and its contents that were

14  entrusted to Defendants.  The Safe Deposit Box was inside the Defendants' vault and could

15  only be accessed by Plaintiffs in the presence of a vault attendee, who is an employee of

16  Defendants.  Plaintiffs' Safe Deposit Box contained jewelry, gold coins, other rare items and

17  belongings with strong personal and sentimental value.

18      43.    On November 6, 2014, Defendants and its employees, agents, and independent

19  contractors failed to exercise ordinary care and breached their duty of care to Plaintiffs by

20  allowing Plaintiffs' locked Safe Deposit Box to be drilled open and allowing the Safe Deposit

21  Box and its contents to be removed from the Bank's vault.

22      44.    Defendants knew or should have known that the loss of property that had

23  strong material and sentimental value to Plaintiffs would cause Plaintiffs severe emotional

24  distress.

25      45.    As a proximate result of Defendants' negligence, Plaintiffs sustained damages

26  for emotional distress and mental suffering, in an amount to be determined at the time of

27  trial.

28      **WHEREFORE,** Plaintiffs pray for Judgment jointly and severally against all

                                     8

1  Defendants, and each of them, as follows:

2  **A.**     **FIRST CAUSE OF ACTION (Breach of Contract)**

3         1.    For compensatory damages according to proof at trial;

4         2.    For prejudgment interest;

5  **B.**     **SECOND CAUSE OF ACTION (Conversion)**

6         3.    For compensatory damages according to proof at trial;

7         4.    For prejudgment interest;

8         5.    For damages for the proximate and foreseeable loss resulting from

9               Defendants' conversion according to proof at trial;

10        6.    For damages for time and money properly expended in pursuit of the

11              converted property according to proof at trial;

12        7.    For Exemplary damages in the amount of $1,000,000.00;

13  **C.**    **THIRD CAUSE OF ACTION (Negligence)**

14        8.    For general and special damages according to proof at trial;

15        9.    For Prejudgment interest;

16  **D.**    **FOURTH CAUSE OF ACTION (Gross Negligence)**

17        10.   For general and special damages according to proof at trial;

18        11.   For Prejudgment interest;

19        12.   For Exemplary damages;

20  **E.**    **FIFTH CAUSE OF ACTION (Negligent Infliction of Emotional Distress)**

21        13.   For general and special damages according to proof at trial;

22  **F.**    **ON ALL CAUSES OF ACTION**

23        14.   For Costs of suit incurred herein;

24        15.   Attorneys' fees, as allowed by law or contract; and

25        16.   For such other and further relief as the Court may deem just and proper.

26  Date: October 31, 2016                LAW OFFICE OF STELLA RAFIEI

27

                                          Stella Rafiei
28                                        Attorney for Plaintiffs, Noushin and Kourosh Laaly

9

1          **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand trial by jury.

3

4     Date:  October 31, 2016              LAW OFFICE OF STELLA RAFIEI

5

6.                                          _Stella Rafiei_

7                                          Stella Rafiei
                                           Attorney for Plaintiffs, Noushin and Kourosh Laaly

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  10

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

BC 639397

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Teresa A. Beaudet | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael J. Raphael | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Howard L. Halm | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. John P. Doyle | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. David Sotelo | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | Hon. Steven J. Kleifield | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 500 | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Debre K. Weintraub | 47 | 507 | | | | |

*Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on NOV 02 2016      SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev.06/16)
LASC Approved 05-06

– NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
Stella Rafiei, SB 175358
Law Office of Stella Rafiei
1875 Century Park East, Suite 700
Los Angeles, CA 90067
TELEPHONE NO.: (310) 551-2006  FAX NO.:
ATTORNEY FOR *(Name):* Plaintiffs, NOUSHIN and KOUROSH LAALY

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse

CASE NAME:
LAALY V. BANK OF AMERICA

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | |
| *(Amount demanded exceeds $25,000)*  *(Amount demanded is $25,000 or less)* | Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 31, 2016
Stella Rafiei
*(TYPE OR PRINT NAME)*  ►  *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: LAALY V. BANK OF AMERICA | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: LAALY V. BANK OF AMERICA | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☑ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☑ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| LAALY V. BANK OF AMERICA | | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| LAALY V. BANK OF AMERICA | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>11501 Santa Monica Boulevard |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90025 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _October 31, 2016_

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

1  STELLA RAFIEI  (SBN 175358)
   LAW OFFICES OF STELLA RAFIEI
2  1875 Century Park East, Suite 700
   Los Angeles, California 90067
3
   Tel: (310) 551-2006
4

5  Attorney for Plaintiffs, NOUSHIN LAALY and  KOUROSH LAALY

6

7

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9            COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11 NOUSHIN LAALY, an individual, and          CASE NUMBER:
   KOUROSH LAALY, an individual,
12                                            BC 6 3 9 3 9 7
              Plaintiffs,
13
14 vs.                                        NOTICE OF UNAVAILABILITY OF
                                              COUNSEL
15
   BANK OF AMERICA CORPORATION, a
16 corporation;  BANK  OF  AMERICA,
   NATIONAL  ASSOCIATION, a National
17 Banking Association; and DOES 1 to 100,
   inclusive;
18
              Defendants.
19

20      NOTICE IS HEREBY GIVEN that commencing Monday, November 21, 2016, to

21 Wednesday, November 30, 2016, the Law Offices of Stella Rafiei will be unavailable for any

22 purpose whatsoever, including but not limited to receiving notices of any kind, responding to Ex

23 Parte Applications, responding to discovery, appearing in Court or appearing at depositions.

24      I kindly request that no matters be set during the stated period as there are no other

25 attorneys or personnel in my office who are authorized to act on my behalf or to cover any court

26 matters.

27      Please be advised that purposefully scheduling a conflicting proceeding without good

28                                      1

              NOTICE OF UNAVAILABILITY OF COUNSEL

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 22 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

1  cause is sanctionable conduct. [*Tenderloin Housing Clinic, Incl. V. Sparks*, (1992) 8 Cal.App.4th

2  3021.

3  Date: November 2, 2016                    LAW OFFICE OF STELLA RAFIEI

4

5                              BY: _____

6                                   Stella Rafiei
                                     Attorney for Plaintiffs, NOUSHIN LAALY and
                                     KOUROSH LAALY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              2

**NOTICE OF UNAVAILABILITY OF COUNSEL**

**PROOF OF SERVICE**

I, the undersigned, declare:

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1875 Century Park East, Suite 700, Los Angeles, California, 90067.

On November 2, 2016, I served the following document:

**NOTICE OF UNAVAILABILITY OF COUNSEL**

on the following parties in this action, by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

CT CORPORATION SYSTEM                    (Agent for Bank of America)
818 W. 7th Street, Suite 930
Los Angeles, California 90017

[X] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, county of Los Angeles, California. I am readily familiar with the firm's business practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ] (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above addressees.

[ ] (BY EXPRESS MAIL) I caused such envelope to be delivered by Express Mail to the offices of the above addressee.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on November 2, 2016, Los Angeles, California.

Stella Rufin

3